Filed 5/2/25  P. v. Carlin CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL DAVID CARLIN,<br><br>Defendant and Appellant. | C094284<br><br>(Super. Ct. No. 20CF03174)<br><br>OPINION ON TRANSFER |

Defendant Paul David Carlin pled no contest to first degree burglary and the trial court sentenced him to the upper term.  On appeal, Carlin argued Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731) applied retroactively to his case, and because the trial court imposed the upper term on his lone offense, our court should modify his sentence to impose the middle term.  The People did not address whether our court could modify Carlin's sentence but conceded Senate Bill 567 applied to Carlin and that remand was appropriate.  We rejected the People's concession and

1

concluded the trial court's error was harmless under *People v. Watson* (1956) 46 Cal.2d 818.

Carlin sought review in the California Supreme Court, which ordered this court to vacate the previous opinion and reconsider the matter in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*). By separate order, we vacated our decision. Having done so, we now conclude that remand for a resentencing hearing is required.

## BACKGROUND

As the facts of Carlin's conviction do not bear on our decision, they are not recounted here in any detail. Suffice it to say, in 2020, Carlin entered the victim's garage and stole fishing reels from within it. Carlin pled no contest to first degree burglary (Pen. Code, § 495)[1] in exchange for the dismissal of an additional case.

Carlin's probation report recounted a lengthy criminal history dating back to 1988, which included multiple convictions for theft, forgery, fraud, and drug-related offenses. Carlin committed several of his four felonies and 11 prior misdemeanors while in custody, or while on parole, probation, or supervision.

In imposing a sentence, the trial court considered the probation report. As circumstances in aggravation, the court found Carlin had four prior felony convictions and 11 prior misdemeanors, Carlin's prior performance under supervision had been unsatisfactory, and Carlin had served a prior prison term. The trial court found no circumstances in mitigation. Carlin represented himself at sentencing and did not object to the trial court's identification of aggravating circumstances. The trial court imposed the six-year upper term.

After transfer from our Supreme Court, the parties filed supplemental briefing.

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

In their supplemental briefing, the parties agree that the trial court committed prejudicial error because during sentencing Carlin did not stipulate to aggravating facts, the jury did not find the requisite aggravating facts true beyond a reasonable doubt, and the court did not rely on a certified record of conviction in exercising its sentencing discretion. We agree.

Section 1170, subdivision (b)(1) through (3), as amended by Senate Bill 567, provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2).) As amended, section 1170, subdivision (b) "alter[ed] the trial court's sentencing discretion" and "creat[ed] a presumption against the upper term, which may be overcome only if the required facts are properly proven and the [trial] court concludes the term is justified." (*Lynch*, *supra*, 16 Cal.5th at p. 773.) Unless a defendant stipulates to the facts, or waives his or her jury trial right, "that [aggravating] factfinding role now resides solely with the jury." (*Id*. at p. 760.) The trial court may also consider the defendant's prior convictions in determining sentencing based on a certified record of conviction. (§ 1170, subd. (b)(3).)

In *Lynch*, our Supreme Court held that under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, *supra*, 16 Cal.5th at p. 768.) Our Supreme Court held in *Lynch* that such a violation "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Ibid*.) Accordingly, a defendant is entitled to reversal and remand unless "we can conclude that the omission of a jury trial was harmless beyond a reasonable

3

doubt as to *every* aggravating fact the trial court used to justify an upper term sentence." (*Id*. at p. 775.)

In addition, when the trial court imposed a sentence before the statute's 2022 amendment, as it did here, the appropriate remedy " 'is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*Lynch*, *supra*, 16 Cal.5th at p. 771.) This requirement "must be satisfied *in addition to* a finding of harmlessness regarding any omitted factual finding" because "neither a *Chapman* nor a *Watson* review 'can adequately indicate that resentencing is *unnecessary* upon retroactive application of amended section 1170[, subdivision ](b).' " (*Id*. at p. 772.)

Moreover, while this appeal was pending, the United States Supreme Court decided *Erlinger*, *supra*, 602 U.S. 821. There, the court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses, including whether he committed them on different occasions" within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)). (*Erlinger*, at p. 837.) Instead, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.* at p. 838.)

The trial court imposed a sentence exceeding the middle term based on its review of the probation report. It justified an upper term sentence by relying on Carlin's four prior felony convictions and 11 prior misdemeanors, Carlin's prior unsatisfactory performance under supervision, and that Carlin had served a prior prison term. However, Carlin did not stipulate to these factors nor did a jury find these factors true beyond a reasonable doubt. The trial court considered Carlin's prior convictions, but it improperly

4

relied on the probation report and not a certified record of conviction as required by section 1170, subdivision (b)(3). (§ 969b [defining record of conviction].)

At sentencing, the trial court was not aware of the full scope of its discretion or the guidance in *Lynch* or *Erlinger*. The record does not clearly indicate the trial court would have reached the same conclusion because the required proof of Carlin's prior convictions, a certified record of conviction, is not in the record. (*Lynch*, *supra*, 16 Cal.5th at p. 771.) Accordingly, the trial court's reliance on aggravating circumstances to impose an upper term sentence is not harmless beyond a reasonable doubt and remand is necessary. (*Id*. at p. 768.)

## DISPOSITION

The judgment is reversed. The matter is remanded for further litigation of the aggravating circumstances and for the trial court to exercise its discretion under the current section 1170, subdivision (b) in a full resentencing.


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
MAURO, J.


_____/s/_____
KRAUSE, J.


5